J-A26029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| STEVEN & VICKI ROWLES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD HORNING | : | No. 129 MDA 2017 |

Appeal from the Judgment Entered April 18, 2017
In the Court of Common Pleas of Juniata County Civil Division at No(s):
257-2013

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY OLSON, J.:                        **FILED MARCH 21, 2018**

Appellants, Steven and Vicki Rowles (husband and wife), appeal from the judgment entered on April 18, 2017 in the Civil Division of the Court of Common Pleas of Juniata County.  We affirm.

This case arose from a fall that occurred on August 2, 2012 at a property located at 120 Pennview Drive Lot 16, in Mifflintown, Pennsylvania. At all relevant times, Richard Horning (Horning) owned the property and Appellants resided in a mobile home on the subject premises.  During the summer of 2012, Horning dug a series of ditches on the property as part of an improvement project, one of which ran behind Appellants' mobile home. The ditches remained open for approximately 30 days from early July 2012 until the day following Appellant Steven Rowles' injury.  During the time when the ditch was open, a sump pump was used to remove rainwater that collected in the basin.

On August 2, 2012, Steven Rowles claimed that he was standing near his mobile home to inspect tomato plants in his garden when the ground beneath his feet gave way and caused him to fall approximately four feet into the open ditch. On August 26, 2013, Appellants filed a complaint to recover damages from Horning. The complaint alleged that Horning was negligent because he failed to warn business invitees such as Steven Rowles of a dangerous condition on the property and because he failed to maintain the property in a safe condition by constructing a ditch that was subject to collapse.

A bench trial ensued on November 3, 2016 in the Juanita County Court of Common Pleas. On December 2, 2016, the court issued a verdict in favor of Horning and against Appellants. In an accompanying memorandum, the court apportioned negligence 50% to Steven Rowles and 50% to Horning but explained that, "[it was] satisfied that **there were no extenuating circumstances or other conditions that caused the fall of [Steven Rowles], other than his own negligence in not observing the hazardous condition, which was patently obvious. In other words, [the court] saw no evidence that the ditch collapsed**." Trial Court Opinion, 12/2/16, at 2 (emphasis added).

Appellants filed a motion for post-trial relief on December 14, 2016. The motion alleged that Appellants were entitled to recover damages under the Comparative Negligence Act, 42 Pa.C.S.A. § 7102(a), because the negligence attributed to Steven Rowles did not exceed that apportioned to

- 2 -

Horning. **See** Appellants' Motion for Post-Trial Relief, 12/14/16, at 2. The motion further asked the court to "enter an award of damages consistent with the evidence presented at trial[.]" **See id.** The court denied relief by order entered on December 22, 2016. In its accompanying memorandum, the court explained:

> While it is certainly true that this [c]ourt found that both parties were 50% negligent and, actually, this [c]ourt confirms that finding. [*sic*] However, **the negligence of [Horning], as pointed out in the [December 2, 2016 memorandum], was not the cause of the accident**. [Steven Rowles] had alleged that the bank gave away [*sic*], which probably would have resulted in a greater percentage of negligence attributed to [Horning] than to [Steven Rowles] but the fact that the ditch was there, the existence of the ditch was negligent, however, **the causal negligence was in the conduct of [Steven Rowles] simply falling in the hole, as opposed to any conduct of [Horning]**.
>
> Accordingly, even though the [c]ourt still believes both sides were 50% negligent, **the causal negligence cannot be attributed to the conduct of [Horning] but, rather, to the conduct of [Steven Rowles]**."

Trial Court Opinion, 12/22/16, at 1 (emphasis added).

Appellants filed a timely notice of appeal on January 13, 2017. Thereafter, pursuant to an order of court, Appellants filed a concise statement of errors complained of on appeal on February 13, 2017.[1] **See** Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion on April

---

[1] In their concise statement, Appellants raised the three issues included in their brief on appeal.

26, 2017. The court's opinion reiterated its determinations that: (1) the ditch at the property did not collapse; (2) the issue of causation was resolved in favor of Horning; (3) the apportionment of negligence was irrelevant to the court's verdict; and, (4) Steven Rowles was familiar with the area and his fall resulted from inattention. *See* Trial Court Opinion, 4/26/17, at 3. This appeal followed.

Appellants raise the following claims in their brief:

Did the [t]rial [c]ourt commit an error of law and/or abuse its discretion when the [c]ourt found in favor of [Horning] and against [Appellants], when the [c]ourt failed to properly apply the Pennsylvania Comparative Negligence Statute 42 Pa.C.S.[A.] § 7102(a) after finding [] Steven Rowles 50% negligent and finding [Horning] 50% negligent?

Did the [t]rial [c]ourt commit an error of law/abuse its discretion when it failed to award damages to [Appellants] consistent with a finding of 50% negligence on the part of [] Steven Rowles and 50% negligence on the part of [Horning], under the Pennsylvania Comparative Negligence Statute?

Did the [t]rial [c]ourt commit an error of law/abuse its discretion when the [t]rial [c]ourt found in favor of [Horning], a finding that was inconsistent with the evidence of a ditch collapse presented at trial which supported a finding fully in favor of [Appellants]. In the alternative, even if [] Steven Rowles were 50% negligent, the [t]rial [c]ourt should have found in favor of [Appellants] based on the evidence of liability and causation presented at trial, including photographic evidence of the overhang of a nearby ditch that was comparable to the subject ditch, testimony of [] Steven Rowles of the collapse, testimony of [Horning] that if the ditch was wet it would collapse and evidence that the ditch was wet through a NOAA certified weather report showing rain and [Horning's] testimony that water was pumped from the ditch?

- 4 -

Appellants' Brief at 4-5.

Appellants' first two claims center upon the impropriety of the trial court's verdict because of the court's misapplication of the Pennsylvania Comparative Negligence Act (the Act), 42 Pa.C.S.A. § 7102(a).  Accordingly, we dispose of these claims in a single discussion.

It is well-settled:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law.  The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury.  We consider the evidence in a light most favorable to the verdict winner.  We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.  However, [where] the issue ... concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

***Stephan v. Waldron Elec. Heating and Cooling, LLC***, 100 A.3d 660, 664-665 (Pa. Super. 2014) (quotation omitted).

Appellants claim that the trial court wrongly applied the Act. Specifically, they assert that because the court apportioned negligence at 50% each to Steven Rowles and Horning, the negligence of Steven Rowles did not exceed that of Horning and Appellants were entitled to a recovery, albeit a reduced one, under the Act.  We disagree.

The Act provides:

> (a) **General rule.**--In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa.C.S.A. § 7102(a).

The plain language of § 7102(a) makes clear that the contributory negligence of a plaintiff does not bar recovery unless such negligence exceeds the **causal** negligence of the defendant against whom recovery is sought. In its December 2, 2016 memorandum that accompanied its verdict, the trial court found that the ditch did not collapse and that the cause of Steven Rowles' fall was his own negligence in failing to observe a patently obvious hazardous condition. Trial Court Opinion, 12/2/16, at 2. In addition, as set forth above, the court thereafter reaffirmed its determination that the contributory negligence of Steven Rowles exceeded any causal negligence on the part of Horning. *See* Trial Court Opinion, 12/22/16, at 1 (causal negligence was in the conduct of Steven Rowles not Horning's conduct); *see also* Trial Court Opinion, 4/26/17, at 2 (apportionment of negligence was irrelevant to the verdict since the issue of causation was resolved in favor of Horning). Because the trial court consistently found that the contributory negligence of Steven Rowles exceeded the causal

negligence of the defendant, we perceive no error in the trial court's application of the Act.[2]

In their final claim, Appellants assert that the trial court's verdict was against the weight of the evidence introduced at trial. Before we reach the merits of this contention, we first address Horning's contention that Appellants waived review of this claim by failing to include it in their motion for post-trial relief. As we stated above, Appellants' motion for post-trial relief asks the court to enter an award of damages consistent with the evidence presented at trial. Although this request was vaguely framed and did not employ the phrase "weight of the evidence," we deem it sufficient to preserve appellate review.

In reviewing Appellants' claim that the court's verdict was inconsistent with the weight of the evidence, the following principles govern our analysis.

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least

---

[2] We acknowledge that the trial court's decision to apportion negligence which ultimately was not determined to have any causal connection to Steven Rowles' injuries was both unfortunate and confusing. Nevertheless, the court's consistent explanation that Steven Rowles's inattention caused his injuries and that the apportionment of negligence played no role in that assessment leads us to conclude that the trial court did not err in its application of § 7102(a).

assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Phillips v. Lock***, 86 A.2d 906, 919 (Pa. Super. 2014).

"It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [factfinder's] verdict is so contrary to the evidence that it shocks one's sense of justice." ***Commonwealth v. Houser***, 18 A.3d 1128, 1135–1136 (Pa. Super. 2011).

Based upon our own independent review of the record, we cannot conclude that Appellants are entitled to relief based on their claim that the trial court's verdict was against the weight of the evidence. The court relied upon photographic evidence introduced at trial to conclude that the bank along the ditch did not collapse, as Steven Rowles alleged. ***See*** Trial Court Opinion, 4/26/17, at 2. Moreover, Steven Rowles' sustained presence in the vicinity of the ditch made his inattention a highly reasonable factor to consider when assessing the causes the led to his fall. Thus, on the record before us, we cannot say with any degree of confidence that the facts found and inferences drawn by the trial court revealed a palpable abuse of discretion or that the verdict was so contrary to the evidence as to shock one's sense of justice. ***See Samuel-Bassett v. Kia Motors America, Inc.***,

34 A.3d 1, 39 (Pa. 2011).  Accordingly, Appellants' weight of the evidence claim fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018